UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVE DEL CASTELLO,

    Plaintiff,

    v.

BRUCE MCPHERSON, Secretary of State, et al.

    Defendants.
_____/

No. C 06-6278 PJH

**ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

    The court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this district on October 5, 2006 and reassigned to and received by this court on October 23, 2006. Because there is no legal basis for plaintiff's complaint, the court denies plaintiff's application and dismisses the complaint sua sponte.

    Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint

1  frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant
2  notice of the deficiencies of the complaint and an opportunity to amend before final
3  dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be
4  cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v.
5  Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

6  Plaintiff's complaint alleges that in connection with a June 2006 primary election that
7  occurred somewhere in this district, federal and state election law provisions were violated
8  by the candidate for the Republican Party, Mike De Nunzio. See Complaint, ¶¶ 2-3, p. 1.
9  Specifically, plaintiff alleges that candidate De Nunzio violated three different provisions of
10 state election law: (1) he violated the "penal provisions" regarding the solicitation of funds
11 pursuant to "Article 6 Section 18360"; (2) he violated "[s]ection 20201" regarding the
12 "solicitation of funds for use by political party without written consent of the party"; and (3)
13 he violated "[s]ection 20007" regarding the "representation of support of committee or
14 organization named after Political Party with which candidate not affiliated." Complaint, p.1.
15 Referenced in the complaint, without real explanation, are Exhibits A, B, and C to the
16 complaint, which contain photocopies of fliers related to De Nunzio's campaign. See
17 Complaint, Exs. A-B. While plaintiff nowhere alleges the nature of her injury, she does
18 allege that she was the only other candidate on behalf of the Republican Party in the June
19 2006 primary. Id. at ¶ 4. Plaintiff demands that the court order "an audit based on
20 attached evidence and [the] immediate resignation of ... Mike De Nunzio and removal of his
21 name from ballot is appropriate". See id. at prayer for relief. Plaintiff has also filed a
22 corresponding request for a temporary restraining order ("TRO"), in which she requests an
23 "expedient hearing." Id. at TRO.

24 Preliminarily, these allegations are insufficient to demonstrate that the federal courts
25 have subject matter jurisdiction over plaintiff's claims. The federal courts are only permitted
26 to hear disputes that arise from a violation of a federal law, or disputes between citizens of
27 different states with over $75,000 in dispute. See 28 U.S.C. §§ 1331, 1332. As such,
28

plaintiff must demonstrate either that she and all defendants are citizens of different states, or that the defendant(s) have violated her federal rights.  The three statutory violations stated in plaintiff's complaint arise under state law, not federal.   Yet plaintiff nowhere includes allegations regarding the parties' diversity, or the amount in controversy.  Alternatively, while plaintiff generally states that the complaint arises "under the laws of the U.S." and that De Nunzio has violated "Federal Election Law," plaintiff nowhere provides any citation or reference to any federal law in particular.  Therefore, as currently pled, it is impossible for the court to determine whether the federal courts are empowered to hear the instant dispute.

Furthermore, it is impossible to discern from plaintiff's complaint the precise legal theories under which plaintiff seeks relief.  Despite the invocation of the above-referenced state law provisions, plaintiff fails to identify any recognizable causes of action stemming from those provisions, fails to allege the nature of any harm or injury suffered as a result of either defendant Bruce McPherson or real party in interest De Nunzio's actions, and fails to allege specific facts creating any causal link between her causes of action and her injury. In short, plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief", as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, pursuant to its authority under 28 U.S.C. § 1915, the court hereby DISMISSES plaintiff's complaint for lack of subject matter jurisdiction and because as such, it is frivolous.  However, the court will nonetheless allow plaintiff an opportunity to file an amended complaint.  For that amended complaint to be successful, plaintiff must demonstrate a basis for federal subject matter jurisdiction, must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendant's personal involvement in the wrongful act alleged in each cause of action, as well as plaintiff's harm or injury.  Any amended complaint must be filed no later than **November 29, 2006**.

3

1    If plaintiff fails to file the amended complaint by November 29, 2006, or if she files an
2 amended complaint not in accordance with the above instructions, the case will be
3 dismissed with prejudice.

4    Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiff's request
5 to proceed in forma pauperis is DENIED. Plaintiff's attached request for a temporary
6 restraining order is similarly DENIED, in view of the court's ruling.

**IT IS SO ORDERED.**

Dated: October 31, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

4